## Wolf v. Old Guard Mutual Insurance Company

*Marvin Beshore,* for plaintiffs.
*Roger T. Shoop,* for defendant Old Guard.
*Robert F. Claraval,* for defendant Hulse.

HESS, *J.,* March 27, 1987 — This lawsuit arises out of a fire loss that occurred on September 15, 1985. At that time, plaintiff, Robert Wolf, was in the business of raising and breeding rabbits for the sale of pelts and carcasses. The rabbits were kept at the premises of his partner, Lee Weaver, in Mifflintown. On September 26, 1984, plaintiff purchased a fire and casualty policy from defendant Old Guard, covering the rabbits and cages. The fire, involved, destroyed the Weaver barn which housed the rabbits and cages.

Immediately after the fire, Old Guard retained U.B.A. Fire and Explosion Investigators to investigate the origin of the fire. In addition, under the policy in question, Mr. Wolf was required to submit to a statement, under oath, with respect to his loss. He declined to give such a statement unless and until Old Guard provided him with their investigative file. Subsequently, Old Guard, citing Mr. Wolf's refusal to submit to a sworn statement, informed him that his claim would not be paid.

Suit was filed herein on January 22, 1986. Preliminary objections to the complaint were disposed of by order of August 4, 1986. When the complaint was filed, plaintiff had filed and served the request for production of documents, seeking the entire claim file of Old Guard. Old Guard declined to produce its file citing as reasons both the pendency of preliminary objections and the absence of any contractual obligation to comply with the request. The motion for a protective order was denied at the time of the disposition of the preliminary objections.

Immediately following this court's order in August 1986, Old Guard filed its response to the request for production of documents, agreeing to produce all documents "to the extent that such material exists, is discoverable under the Pennsylvania Rules of Civil Procedure, and is not privileged." By letter of August 13, 1986, plaintiffs' attorney scheduled document production and asked for an itemized list of all documents which defendants intended to withhold. A response was, by no means, immediately forthcoming. To the contrary, it was not until December 23, 1986, that Old Guard's attorney corresponded with counsel for plaintiffs indicating, finally, a resolve not to produce the U.B.A. Fire and Explosion Expert Report. This motion for sanctions followed. The motion seeks a court order requiring defendant, Old Guard Mutual Insurance Company, to produce the investigative file and, further, to award plaintiffs reasonable attorney's fees in connection with this motion.

## DISCUSSION

There appears to be no serious question that the contents of the U.B.A. report are discoverable as "relevant to the subject matter involved in the pend-

ing action." Pa.R.C.P. 4003.1. While arson has not been alleged as a defense, with specificity, the refusal of Old Guard to make payment because of the "suspicious" origin of the fire is a thread which runs throughout this case. The real question, here, is whether discovery of the investigative report is barred by Pa.R.C.P. 4003.5, the pertinent portions of which state:

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired and developed in anticipation of litigation or for trial, may be obtained as follows:

• • •

"(3) A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, . . . ."

In response to the instant motion for sanctions, Old Guard counters that not only was the U.B.A. investigation conducted "in anticipation of litigation" or as "preparation for trial," but, in addition, it has not yet been determined whether U.B.A. will be called at trial. While it is true that U.B.A. has not yet been identified as a trial witness, we cannot agree with the assertion that their report was prepared in anticipation of litigation or in preparation for the trial of this case. At first blush it would appear necessary that the court conduct a hearing to determine whether these particular experts were retained in anticipation of litigation. This is unnecessary in this case, particularly in light of the content of the pleadings.

Common sense dictates that nothing, in this case, could have been done "in anticipation of litigation" until Old Guard had made the decision not to make

payment under the policy. For, absent the refusal to make payment, there would be no reason to foresee litigation at all. Logic thus suggests that where an investigation was conducted as an aid in determining whether or not payment should be made, it is not conducted in anticipation of a lawsuit. Moreover, the answer filed by Old Guard Mutual Insurance to plaintiff's amended complaint freely admits that Old Guard's investigation was still incomplete even as late as January 9, 1986. We note also that plaintiff was not notified concerning Old Guard's refusal to make payment until after January 24, 1986. This latter date is, in our mind, the earliest point at which it could be said that litigation was anticipated.

In summary, the U.B.A. report was commissioned in the ordinary course of the claims process. It is admitted that U.B.A. was retained immediately after the fire and that it visited the scene within one week and that a report was issued. It is therefore clear, to us, that the U.B.A. investigation, conducted immediately after the fire, is simply part of the body of evidence in this case and is not at all the type of "facts known or opinions held by an expert" within the meaning of rule 4003.5. In short, we are satisfied that plaintiffs are entitled to a copy of the report as a matter of appropriate discovery.

Also before us is a request to allow plaintiffs reasonably attorney's fees and expenses in connection with the motion. The award of attorney's fees in connection with discovery petitions is permissible, pursuant to rule 4019 which states in pertinent part:

"(g)(1) Except as otherwise provided in these rules, *if* following the refusal, objection or failure of a party or person to comply with any provision of this chapter, *the court,* after opportunity for hear-

ing, *enters an order compelling compliance and the order is not obeyed,* the court on a subsequent motion for sanctions may, if the motion is granted, require the party or deponent whose conduct necessitated the motions . . . to pay to the moving party the reasonable expenses, including attorneys fees, incurred in obtaining the order of compliance. . . ."

This motion for sanctions has been brought seeking an order of compliance. Plaintiff does not allege, to date, the violation of an order compelling production of the U.B.A. report. Accordingly, we are clearly without authority to order counsel fees in this case, and the request for same will be denied.

## ORDER

And now, this March 27, 1987, defendant, Old Guard Mutual Insurance Company, is ordered and directed to, within 15 days of the date hereof, make available to counsel for plaintiffs, at the latter's expense, a copy of the U.B.A. Investigation Report and any addenda thereto, not prepared in anticipation of litigation, as defined in the accompanying opinion.

The request of plaintiff for counsel fees is denied.